UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY WAYNE BATTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CORRECTIONS CORPORATION OF AMERICA, ET AL., | ) ) ) |
| Defendants. | ) ) |

3:08-cv-0986

No. 3:08mc00013
**JUDGE HAYNES**

## MEMORANDUM

Plaintiff, Terry Wayne Battle,[1] a state prisoner filed this *pro se* action under 42 U.S.C. § 1983, against the Defendants: Corrections Corporation of America (CCA); Brian Gardner, Warden at MDCDF; Daron Hall, Sheriff of Davidson County; Sgt. f/n/u Farris, MDCDF; f/n/u/ Barnes, Chief Unit Manager at MDCDF; f/nu Hawkins, Assistant Chief of Security at MDCDF; and Sgt f/n/u Hilligoss, MDCDF. Plaintiff seeks money damages and injunctive relief, for the Defendants' alleged violation of his right to personal safety under the Eighth Amendment. The crux of Plaintiff's complaint is that the defendants were deliberately indifferent to his safety and well being, and that they have failed to protect him from an assault by other inmates.

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that

---

[1] Plaintiff has filed this action under an alias. Plaintiff's real name, Terry Wayne Ballard, is reflected in the six-month statement of Plaintiff's inmate trust fund account and the copy of a grievance that he attached to his complaint

are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

## A. Analysis of the Complaint

Plaintiff alleges that he was assaulted by maximum security inmate named Williams on August 7, 2007, and that he suffered a head injury that required medical treatment at Meharry General Hospital. (Docket Entry No. 1, Attach. Statement of Claim, p. 1) Plaintiff alleges that the assault was due to a breach of security which allowed Williams to leave his cell unescorted and without restraints. Id. at pp. 1-3 Plaintiff alleges that another inmate named Talley "assisted inmate Williams in the assault . . ." (Docket Entry No. 1, Attach. Statement of Claim, p. 1) Plaintiff alleges further that Sgt. Farris "didn't intervene and let inmate Williams continue his assault . . .," and that another officer had to step in. (Docket Entry No. 1, Attach. Statement of Claim, p. 2)

Inmate Talley was placed in segregation following the assault. (Docket Entry No. 1, Attach. Statement of Claim, p. 1) Plaintiff asserts that, approximately three weeks later, Chief Unit Manager Barnes, with the concurrence of Assistant Chief of Security Hawkins, released Talley from segregation and placed him in the same unit in which Plaintiff was housed. (Docket Entry No. 1, Attach. Statement of Claim, p. 2) According to Plaintiff, this "malicious, arbitrary, and capricious decision" resulted in a subsequent "brutal and vicious assault" against him. (Docket Entry No. 1, Attach. Statement of Claim, p. 2)

2

Plaintiff alleges that, following the second assault, Sgt. Hilligoss asked Plaintiff "what happened" between him and Williams. (Docket Entry No. 1, Attach. Statement of Claim, p. 2) Plaintiff asserts that he told Sgt. Hilligoss "that it was none of his business and that [he] didn't want to talk about it," to which Sgt. Hilligoss allegedly replied, "he should have put your other fucking eye out with your smart one-eyed ass." (Docket Entry No. 1, Attach. Statement of Claim, p. 2)

### B. Conclusions of Law

To state a claim under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Both parts of this two-part test must be satisfied to support a claim under § 1983. Id.

### CCA, Warden Gardner, and Sheriff Hall

As to Defendants CCA, Sheriff Hall, and Warden Gardner, Plaintiff does not mention any of these defendants' involvement in the statement of his claim. As to CCA's operation of MDCDF, Brian Gardner is MDCDF's Warden and Defendant Hall is the Sheriff of Davidson County. Plaintiff seeks to impose liability on these Defendants under the doctrine of *respondeat superior*.

Supervisors cannot be liable in a Section 1983 action under the *respondeat superior doctrine*. *Monell v. Dept. of Social Serv's* 436 U.S. 658, 659, 691-95 (1978). Plaintiff must allege facts that each defendant was personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) and the nature of their specific involvement. *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). For vicarious liability to attach, the above-named defendants must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . " in the violations alleged. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.

3

1999). Plaintiff does not allege that the above-named defendants were directly responsible for any of the alleged actions of the other defendants.

Plaintiff also does not allege any facts suggestive of any CCA policy or custom that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992).

As to Gardner's review of the grievance, a state defendant whose role is limited to the denial of administrative grievance, is not liable under Section 1983. *Shehee*, 199 F.3d at 300. In a word, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WestLaw 202173 at * 2 (6th Cir. (Mich.))(citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

Plaintiff's allegations against the above-named Defendants CCA, Gardener and Hall fail to state a claim.

### Sgt. Farris

Plaintiff's allegations about Farris are that "[w]hile [he] was being assaulted[,] Officer Farris didn't intervene and let inmate Williams continue his assault on me." Prison officials are liable under the Eighth Amendment for failing to protect an inmate only if they act with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Officials act with deliberate indifference if they know of a substantial risk to an inmate's safety, yet disregard that risk by failing to take reasonable measures to abate it. *Id.* at 837. The concept of "deliberate indifference" encompasses both an objective and subjective component. *Id.* at 834. The objective component requires a showing that plaintiff was exposed to a risk of serious harm. *Id.* The subjective component requires a showing that defendants acted with deliberate indifference or recklessness, that is more than mere negligence. *Id.* at 835. The Court concludes that Plaintiff has stated a claim

4

against the Defendant Farris.

### Chief Unit Manager Barnes and Assistant Chief of Security Hawkins

As to Chief Unit Manager Barnes, and Hawkins, these Defendant allegedly agreed to move inmate Talley from segregation into Plaintiff's unit. Plaintiff alleges that, "[d]ue to the defendants['] breach of security and policies with their malicious, arbitrary and capric[i]ous decisions[,] [he] was the victim of a brutal and vicious assault . . . ." Based upon the failure-to-protect standard, *supra* and given Plaintiff's prior encounter with Talley, the Court concludes that Plaintiff has stated a claim against Defendants Barnes and Hawkins.

### Sgt. Hilligoss

Plaintiff asserts that Sgt. Hilligoss asked him what the problem was between him and inmate Williams. Plaintiff told Sgt. Hilligoss "that it was none of his business and that [he] didn't want to talk about it . . . ." Plaintiff describes Sgt. Hilligoss as replying that "he should have put you other fucking eye out with your smart one-eyed ass."

Plaintiff does not allege that Sgt. Hilligoss was involved in the first assault, nor in the decision to place inmate Talley in the same Unit where Plaintiff was housed, nor in the second assault. Plaintiff's only claim against Sgt. Hilligoss is his offensive remark that without more, is "not an actual infringement of a constitutional right, and thus . . . [are] not actionable under section 1983." *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989). Thus, Plaintiff's claim against Sgt. Hilligoss fails to state grounds for relief.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge
10-8-08